IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOFFER,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>    Respondent. | No.  2:25-cv-01253-DC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 12. Respondent has lodged portions of the state court record in support of the motion to dismiss, ECF No. 11.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

review. See 28 U.S.C. § 2244(d)(1).

The limitations period is tolled for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, Petitioner was convicted of five counts of assault with a firearm on a peace officer, assault by means of force likely to cause great bodily injury, corporal injury, and making criminal threats. See ECF No. 11-1. Petitioner was sentenced to a determinate state prison term of forty-five years plus an indeterminate term of twenty-five years to life, with the judgement filed on January 25, 2018. See id. Petitioner appealed the judgment to the California Court of Appeal. See ECF No. 11-2. The California Court of Appeal, Third Appellate District granted one additional day of actual custody credit but otherwise affirmed the judgment on October 31, 2019. See id. Petitioner filed for review by the California Supreme Court, which was denied on January 22, 2020. See ECF No. 11-4. Therefore, the conviction became final 90 days later, on April 21, 2020, and the one-year limitations period began to run the following day. However, Petitioner is entitled to statutory tolling for the time his various post-conviction actions were pending in state court. See 28 U.S.C. § 2244(d)(2).

Petitioner filed seven post-conviction actions. See ECF No. 12. The federal petition, which was filed January 9, 2025, is however, still untimely as the limitation period had expired at the time it was filed. The first petition for writ of habeas corpus was filed before the limitations period began in El Dorado County Superior Court on March 31, 2020, ECF No. 11-5, and was subsequently denied, ECF No. 11-6, on November 14, 2020. Petitioner filed his second petition with the California Court of Appeals, which was denied on March 8, 2021, ECF No. 11-

8. Petitioner filed the third petition with the California Supreme Court, which was denied on December 1, 2021. See ECF No. 11-10. Given Petitioner was seeking review at the state's higher Court, the limitations period was tolled until the denial of the third petition.

Thus, the limitations period began the next day, on December 2, 2021. Petitioner filed the fourth petition writ of habeas corpus in El Dorado Superior Court on February 7, 2023, ECF No. 11-11, which was denied February 21, 2023, ECF No. 11-12. However, during the time between the third and fourth petitions, no properly filed application for post-conviction relief was pending. This means Petitioner's limitation period was not tolled and expired December 1, 2022, before the fourth petition was filed. Thus, Petitioner's current habeas challenge filed in this court, filed January 9, 2025, is untimely.

In the fourth state petition, denied February 21, 2023, and the instant petition, Petitioner raises a claim of newly discovery evidence. See ECF Nos. 11-11 and 2. Even if Petitioner argued that newly discovered evidence changes the tolling calculation,[1] and U.S.C. § 2244(d)(4) applies, the instant petition is still untimely. Per § 2244(d)(4), the one-year statute of limitations runs from "the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence." Petitioner learned of the newly discovered evidence during a civil trial on June 20, 2022. See ECF No. 11-11, pg. 8. Though the Court is not considering nor deciding when such evidence could have been discovered, for purposes of calculating the period of limitations pursuant to § 2244(d)(4), we will assume the evidence could only be discovered on June 20, 2022. From that date, 233 days of the limitations period passed before Petitioner filed the fourth petition on February 7, 2023. See id. In addition to a number of days that passed between each of the following state petitions, 317 days passed between the denial of the seventh petition on February 28, 2024, California Supreme Court Docket for case No. S282425,[2] and the filing of the instant petition. Thus, instant petition, filed January 9, 2025,

---

[1] Petitioner did not oppose Respondent's motion to dismiss and made no argument as to how the limitation period should be calculated.

[2] The Court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

was filed well over 356 days after date the new evidence was actually discovered. Accordingly, under any calculation of the period of limitations, the instant petition is untimely.

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 12, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 12, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4